[Civ. No. 13217.   Second Dist., Div. One.   Aug. 26, 1941.]

JOSEPH M. BERNSTEIN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Joseph M. Bernstein, *in pro. per.*, for Petitioner.

DESMOND, J., *pro tem.*—Petitioner seeks a writ of *certiorari,* questioning the legality of proceedings by which his wife was appointed guardian of his California estate upon her petition filed in August, 1935, alleging that he was an incompetent person.   Referring to said petition, we find that representations were made therein that petitioner herein was incompetent because of disease, consisting of various physical ailments, and not because of any weakness of mind.

Petitioner fails to show that he did not receive notice of the petition under which his wife was appointed guardian of his estate, and fails to show that he did not have timely knowledge of the action taken on said petition.   It appears from a petition of his daughter now pending in the Superior Court of Los Angeles County, in which she seeks to succeed his wife as guardian upon her resigning from that position, that the California estate of petitioner has consisted of a monthly income amounting to $120 per month.   This amount has been contributed by various insurance companies, and the income, according to the daughter's representation, not challenged by the petitioner, has been used and is being used to provide for the support and maintenance of his wife and himself.

It appears that this petitioner, while in full possession of his mental faculties and in receipt of the benefit of his estate, has waited for almost six years to initiate this proceeding. In this he has been guilty of laches, and his conduct, since the making of the order complained of, amounts to a consent thereto. (See 4 Cal. Jur., p. 1061, "Discretion in Granting" [the writ of *certiorari*], and p. 1062, "Laches.") The citation furnished by petitioner in support of his petition, namely *Grinbaum* v. *Superior Court*, 192 Cal. 528 [221 Pac. 635], is not in point, for two reasons. First, the court in that case failed to order notice sent to the alleged incompetent, and second, it appeared that she had been legally adjudged insane, and in that condition could not be bound by the principles of waiver or estoppel.

In the proceeding now pending in the probate court in which the daughter of petitioner seeks to succeed her mother as guardian of his estate, this petitioner will have an opportunity, if he wishes, to present testimony to the effect that he is no longer suffering from any disability by reason of his condition.

The petition for a writ of *certiorari* is ordered denied.

York, P. J., and Doran, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied October 23, 1941.